Filed 5/13/21  P. v. Shaw CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B306212 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA054450) |
| v. | |
| IRVIN RANDOLPH SHAW, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa Mangay Chung, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Daniel C. Chang and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In March 2012 the trial court sentenced Irvin Randolph Shaw to, among other prison terms for other crimes not relevant to this appeal, consecutive life terms for convictions on two counts of attempted willful, deliberate, and premeditated murder (Pen. Code, §§ 187, subd. (a), 664).[1] In 2019 Shaw filed a petition for resentencing under section 1170.95 and asked the court to appoint counsel to represent him. The superior court summarily denied the petition, without granting Shaw's request for counsel, finding he failed to make a prima facie showing he was entitled to relief under section 1170.95 because he was not convicted of first or second degree murder. Shaw has timely appealed.

Shaw contends the superior court erred in summarily denying his petition and not appointing counsel because section 1170.95 applies to convictions for attempted murder. He also contends that the court's failure to appoint counsel violated his constitutional rights to due process and assistance of counsel and that the summary denial of his petition violated his procedural due process rights. These contentions lack merit.

Section 1170.95 authorizes a "person convicted of felony murder or murder under a natural and probable consequences theory" to petition the sentencing court to vacate the conviction and to resentence the person on any remaining counts if the petitioner could not have been convicted of murder because of changes to the definition of murder effected by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 4). (See § 1170.95, subd. (a); *People v. Gentile* (2020) 10 Cal.5th 830, 842-843.) After an initial review to determine the facial sufficiency of the information in the petition (§ 1170.95, subd. (b)(2)), "[s]ection 1170.95, subdivision (c), requires the sentencing court to review the petition; determine if it makes a

---

[1] Statutory references are to the Penal Code.

prima facie showing the petitioner falls within the provisions of section 1170.95; and, '[i]f the petitioner has requested counsel, . . . appoint counsel to represent the petitioner.' After counsel has been appointed, the prosecutor is to file and serve a response to the petition; and the petitioner may file a reply. If the petitioner has made a prima facie showing he or she is entitled to relief, the court must issue an order to show cause (§ 1170.95, subd. (c)) and conduct a hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts (§ 1170.95, subd. (d)(1))." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 323 (*Verdugo*), review granted Mar. 18, 2020, S260493.)

Under section 1170.95, subdivision (c), a court proceeds in two steps, "one made before any briefing to determine whether the petitioner has made a prima facie showing he or she falls within section 1170.95—that is, that the petitioner may be eligible for relief—and a second after briefing by both sides to determine whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Verdugo*, *supra*, 44 Cal.App.5th at p. 328, review granted; accord, *People v. Soto* (2020) 51 Cal.App.5th 1043, 1054, review granted Sept. 23, 2020, S263939; *People v. Drayton* (2020) 47 Cal.App.5th 965, 975; but see *People v. Cooper* (2020) 54 Cal.App.5th 106, 118, review granted Nov. 10, 2020, S264684.) As we explained in *Verdugo*, section 1170.95, subdivision (c), prescribes "a chronological sequence: first, a prima facie showing; thereafter, appointment of counsel for petitioner; then, briefing by the parties." (*Verdugo*, at p. 332.)

Rejecting the arguments Shaw makes to support his first contention, we concluded in *People v. Lopez* (2019) 38 Cal.App.5th 1087, review granted November 13, 2019, S258175, that Senate Bill No. 1437, including its remedial relief provision, section

1170.95, excludes relief for defendants convicted of attempted murder. (*Lopez*, at pp. 1104-1105.) No court has held section 1170.95 provides relief to a petitioner seeking resentencing for a final conviction of attempted murder. (See, e.g., *People v. Harris* (2021) 60 Cal.App.5th 557, 566 ["[w]e join the other appellate courts that have concluded that relief under section 1170.95 is not available to those convicted of attempted murder"], review granted Apr. 21, 2021, S267529; *People v. Love* (2020) 55 Cal.App.5th 273, 292 [the "mechanism for retroactive relief" provided in section 1170.95 "applies only to persons seeking to vacate a conviction for 'murder'; it says nothing about attempted murder"], review granted Dec. 16, 2020, S265445; *People v. Larios* (2019) 42 Cal.App.5th 956, 969 ["No language in section 1170.95 references relief to persons convicted of attempted murder. And, as noted in *Lopez*, the legislative history of Senate Bill 1437 supports the conclusion section 1170.95 was intended to apply only to persons convicted of murder"], review granted Feb. 26, 2020, S259983.)

Because section 1170.95 does not apply to attempted murder convictions, Shaw failed to make the prima facie showing entitling him to appointed counsel under the statute,[2] and the superior court did not err in summarily denying the petition. (See *People v. Harris*, *supra*, 60 Cal.App.5th at p. 569 ["because we conclude that section 1170.95 relief is not available to those convicted of attempted murder . . . , we need not and do not address [the petitioner's] alternative arguments about the sufficiency of his petition in stating a prima facie case for relief"], review granted; *Verdugo*, *supra*, 44 Cal.App.5th at pp. 332-333

---

[2]     Shaw does not argue he had a statutory right to counsel prior to making a prima facie showing. (See *People v. Cooper*, *supra*, 54 Cal.App.5th at p. 118, review granted.)

["If, as here, the court concludes the petitioner has failed to make the initial prima facie showing required by subdivision (c), counsel need not be appointed."], review granted.)  As for Shaw's contention the superior court violated his constitutional right to counsel, there is no such right.  (See *People v. Daniel* (2020) 57 Cal.App.5th 666, 676 ["a petitioner's right to counsel under section 1170.95[, subdivision (c),] is not protected by the federal Constitution"], review granted Feb. 24, 2021, S266336; *People v. Lopez, supra*, 38 Cal.App.5th at pp. 1114-1115 ["'the retroactive relief . . . afforded by Senate Bill 1437 . . . constituted an act of lenity that does not implicate defendants' Sixth Amendment rights'"], review granted.)

Finally, Shaw contends that, because summarily denying his petition deprived him of procedures to which he was entitled under section 1170.95, that denial had "the additional effect" of violating his federal procedural due process rights.  As discussed, the superior court complied with the procedural provisions of section 1170.95 in denying Shaw's petition, and Shaw has failed to demonstrate he suffered any derivative due process violation.  The order denying Shaw's petition under section 1170.95 is affirmed.


SEGAL, J.


We concur:


PERLUSS, P. J.          FEUER, J.


5